Gregory Whyte
Reg No. 28330-037
FCI Fort Dix
P.O. Box 2000
Joint Base MDL, NJ 08640

United States District Court for the
District of New Jersey
Third Circuit
Attn: Clerk of the Court
400 Cooper Street
Room 1050
Camden, NJ 08102

RECEIVED

JAN 24 2020

AT 8:30_____M
WILLIAM T. WALSH
CLERK

January 15, 2019

    Petitioner, Gregory Whyte, has approximately 15 months until his projected release. Mr. Whyte hopes and prays this Honorable Court could expedite this ruling. The expedited ruling could immediately impact his Halfway House/Home Confinement eligibility. If the courts grant the 109 days petitioner respectfully asks for, he would be put in for Halfway House immediately.

Respectfully Submitted,

*Gregory Whyte*

Gregory Whyte

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

# PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

## Instructions

RECEIVED
JAN 24 2020
AT 8:30 ___ M
WILLIAM T. WALSH
CLERK

1. **Who Should Use This Form.** You should use this form if
   - you are a federal prisoner and you wish to challenge the way your sentence is being carried out *(for example, you claim that the Bureau of Prisons miscalculated your sentence or failed to properly award good time credits)*;
   - you are in federal or state custody because of something other than a judgment of conviction *(for example, you are in pretrial detention or are awaiting extradition)*; or
   - you are alleging that you are illegally detained in immigration custody.

2. **Who Should Not Use This Form.** You should not use this form if
   - you are challenging the validity of a federal judgment of conviction and sentence *(these challenges are generally raised in a motion under 28 U.S.C. § 2255)*;
   - you are challenging the validity of a state judgment of conviction and sentence *(these challenges are generally raised in a petition under 28 U.S.C. § 2254)*; or
   - you are challenging a final order of removal in an immigration case *(these challenges are generally raised in a petition for review directly with a United States Court of Appeals)*.

3. **Preparing the Petition.** The petition must be typed or neatly written, and you must sign and date it under penalty of perjury. **A false statement may lead to prosecution.**

4. **Answer all the questions.** You do not need to cite law. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit any legal arguments, you must submit them in a separate memorandum. Be aware that any such memorandum may be subject to page limits set forth in the local rules of the court where you file this petition. If you attach additional pages, number the pages and identify which section of the petition is being continued. All filings must be submitted on paper sized 8½ by 11 inches. **Do not use the back of any page.**

5. **Supporting Documents.** In addition to your petition, you must send to the court a copy of the decisions you are challenging and a copy of any briefs or administrative remedy forms filed in your case.

6. **Required Filing Fee.** You must include the $5 filing fee required by 28 U.S.C. § 1914(a). If you are unable to pay the filing fee, you must ask the court for permission to proceed in forma pauperis – that is, as a person who cannot pay the filing fee – by submitting the documents that the court requires.

7. **Submitting Documents to the Court.** Mail your petition and ___ copies to the clerk of the United States District Court for the district and division in which you are confined. For a list of districts and divisions, see 28 U.S.C. §§ 81-131. All copies must be identical to the original. Copies may be legibly handwritten.

   If you want a file-stamped copy of the petition, you must enclose an additional copy of the petition and ask the court to file-stamp it and return it to you.

8. **Change of Address.** You must immediately notify the court in writing of any change of address. If you do not, the court may dismiss your case.

WHYTE, GREGORY 28330037

Page 1 of 9

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## UNITED STATES DISTRICT COURT
for the

RECEIVED
JAN 24 2020
AT 8:30_____M
WILLIAM T. WALSH
CLERK

Gregory Whyte
*Petitioner*

v.                                    Case No. _____
                                              *(Supplied by Clerk of Court)*

Bureau of Prisons
*Respondent*
*(name of warden or authorized person having custody of petitioner)*

### PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241
**Personal Information**

1. (a) Your full name: Gregory Whyte
   (b) Other names you have used: _____
2. Place of confinement:
   (a) Name of institution: Federal Correctional Institution Fort Dix
   (b) Address: 5756 Hartford & Pointville Road
               Joint Base MDL, NJ 08640
   (c) Your identification number: 28330-037
3. Are you currently being held on orders by:
   ☒ Federal authorities   ☐ State authorities   ☐ Other - explain:

4. Are you currently:
   ☐ A pretrial detainee (waiting for trial on criminal charges)
   ☒ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime
      If you are currently serving a sentence, provide:
      (a) Name and location of court that sentenced you: U.S. District Court for the District of Maryland (Baltimore)
      (b) Docket number of criminal case: RDB 91-037
      (c) Date of sentencing: November, 1992
   ☐ Being held on an immigration charge
   ☐ Other *(explain)*: _____

### Decision or Action You Are Challenging

5. What are you challenging in this petition:
   ☒ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)

WHYTE, GREGORY 28330037

Page 2 of 9

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

☐ Pretrial detention
☐ Immigration detention
☐ Detainer
☐ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory maximum or improperly calculated under the sentencing guidelines)
☐ Disciplinary proceedings
☐ Other *(explain)*:

6. Provide more information about the decision or action you are challenging:
   (a) Name and location of the agency or court:   Bureau of Prisons

   (b) Docket number, case number, or opinion number:   995348-F1
   (c) Decision or action you are challenging *(for disciplinary proceedings, specify the penalties imposed)*:
   Bureaus decision denying me good conduct time credits.
   Bureaus refusal to grant good time credits.

   (d) Date of the decision or action:   Open

## Your Earlier Challenges of the Decision or Action

7. **First appeal**
   Did you appeal the decision, file a grievance, or seek an administrative remedy?
   ☒ Yes          ☐ No
   (a) If "Yes," provide:
       (1) Name of the authority, agency, or court:   Bureau of Prisons

       (2) Date of filing:   9-18-19
       (3) Docket number, case number, or opinion number:   Administrative Remedy No. 995348-F1
       (4) Result:   Denial, and is open
       (5) Date of result:   11-4-19
       (6) Issues raised:   B.O.P refusal to recalculate good time credits from original sentence of 188 months imposed in 1992 until 2006

   (b) If you answered "No," explain why you did not appeal:

8. **Second appeal**
   After the first appeal, did you file a second appeal to a higher authority, agency, or court?
   ☒ Yes          ☐ No

WHYTE, GREGORY 28330037

Page 3 of 9

(a) If "Yes," provide:

(1) Name of the authority, agency, or court: Edgefield Institution Administrative Remedy Coordinator

(2) Date of filing: October 11, 2019

(3) Docket number, case number, or opinion number: No. 995348-F1

(4) Result: Denial

(5) Date of result: Unknown

(6) Issues raised: Inmate qualifies for good time credit that was not credited under original sentence roughly 109 days that is silent. Although case law permits credit and the Bureau understands pursuant to 28 C.F.R Part 523 Good Time Credit under the First Step Act

(b) If you answered "No," explain why you did not file a second appeal:

9. **Third appeal**

After the second appeal, did you file a third appeal to a higher authority, agency, or court?

☒ Yes ☐ No

(a) If "Yes," provide:

(1) Name of the authority, agency, or court: Southeast Region Bureau of Prisons Administrative Remedy Coordinator

(2) Date of filing: November 2019

(3) Docket number, case number, or opinion number: No. 995348-R1

(4) Result: Unresolved. Bureau misplaced Administrative Remedy. Inmate in transit when he filed.

(5) Date of result: Unknown

(6) Issues raised: Inmate qualifies for good time credits that weren't credited under original sentence roughly 109 days that is silent. Although case law permits credit and the Bureau confirms authority pursuant to 28 C.F.R Part 523 Good Time Credits Under The First Step Act.

(b) If you answered "No," explain why you did not file a third appeal:

10. **Motion under 28 U.S.C. § 2255**

In this petition, are you challenging the validity of your conviction or sentence as imposed?

☐ Yes ☒ No

If "Yes," answer the following:

(a) Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?

☐ Yes ☒ No

WHYTE, GREGORY 28330037

If "Yes," provide:
(1) Name of court: _____
(2) Case number: _____
(3) Date of filing: _____
(4) Result: _____
(5) Date of result: _____
(6) Issues raised: _____

_____
_____
_____

(b) Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?

☐ Yes    ☒ No

If "Yes," provide:
(1) Name of court: _____
(2) Case number: _____
(3) Date of filing: _____
(4) Result: _____
(5) Date of result: _____
(6) Issues raised: _____

_____
_____
_____

(c) Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your conviction or sentence: _____

_____
_____
_____

11. **Appeals of immigration proceedings**

Does this case concern immigration proceedings?

☐ Yes    ☒ No

If "Yes," provide:
(a) Date you were taken into immigration custody: _____
(b) Date of the removal or reinstatement order: _____
(c) Did you file an appeal with the Board of Immigration Appeals?

☐ Yes    ☐ No

WHYTE, GREGORY 28330037

Page 5 of 9

If "Yes," provide:
(1) Date of filing:
(2) Case number:
(3) Result:
(4) Date of result:
(5) Issues raised:

(d) Did you appeal the decision to the United States Court of Appeals?
☐ Yes ☐ No
If "Yes," provide:
(1) Name of court:
(2) Date of filing:
(3) Case number:
(4) Result:
(5) Date of result:
(6) Issues raised:

12. **Other appeals**

Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?
☐ Yes ☒ No
If "Yes," provide:
(a) Kind of petition, motion, or application:
(b) Name of the authority, agency, or court:
(c) Date of filing:
(d) Docket number, case number, or opinion number:
(e) Result:
(f) Date of result:
(g) Issues raised:

WHYTE, GREGORY 28330037

## Grounds for Your Challenge in This Petition

13. State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE:** Bureau Of Prisons refuses to credit Good Conduct Time for Petitioner's original sentence concurrent to The First Step Act of 2018.

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:
Petitioner was sentenced to 188 months in 1992 and was released in 2006. Petitioner did approximately 15 yrs total. Petitioner violated probation making his current sentence aggregated by the Bureau of Prisons. Thus combining his original & current sentence together. The First Step Act permits credit for sentences that were imposed prior to 2010 under the Fair Sentencing Act. Thus qualifying Petitioner to be awarded roughly 109 days after the calculation is configured. (See U.S. vs Venable, 4th Cir.
(b) Did you present Ground One in all appeals that were available to you?  Court of Appeals)
☐ Yes    ☐ No

**GROUND TWO:** _____

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:
_____

(b) Did you present Ground Two in all appeals that were available to you?
☐ Yes    ☐ No

**GROUND THREE:** _____

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:
_____

(b) Did you present Ground Three in all appeals that were available to you?
☐ Yes    ☐ No

WHYTE, GREGORY  28330037

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

**GROUND FOUR:** _____

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

(b) Did you present Ground Four in all appeals that were available to you?
☐ Yes          ☐ No

14. If there are any grounds that you did not present in all appeals that were available to you, explain why you did not: _____

## Request for Relief

15. State exactly what you want the court to do:   Grant Petitioner, Gregory Whyte roughly 109 days of Good Conduct Time concurrent to The First Step Act of 2018.

WHYTE, GREGORY  28330037

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Declaration Under Penalty Of Perjury

If you are incarcerated, on what date did you place this petition in the prison mail system:

_____

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct. I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date: 1-19-20          _Gregory Whyte_
                       *Signature of Petitioner*

_____
*Signature of Attorney or other authorized person, if any*

WHYTE, GREGORY 28330037